[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: POST VERDICT ISSUES
Having reviewed all documents submitted since the verdict was accepted, having considered the legal and equitable issues raised thereby and having in mind the various oral arguments of both counsels, the court has reached the following conclusions.
1. The defendant's motion to set aside the jury's verdict of $45,000 and to enter judgment notwithstanding the verdict is denied on all four issues. The plaintiff request for punitive damages was already denied by the court on January 26, 1996.
2. Since the jury, after weighing the evidence offered over eight days of testimony, found a violation of CUTPA, the CT Page 2581 plaintiff is now requesting pursuant to C.G.S. § 42-110g(d) the court award attorneys fees and litigation expenses. In reviewing the evidence, the court believes that an award of reasonable attorneys fees would be proper and equitable in this case. The court does not agree with the plaintiff's request for $93,475.23. Such an amount is unreasonable and in fact would be punitive. The statute in question is "remedial" and to deny as the defendant requests, any award at all, would also be unreasonable and defeat the intent of the legislature. Such a total denial would neither enhance the private CUTPA remedy nor serve to encourage private CUTPA litigation.
In Steiger v. I.S. Builders. Inc., 39 Conn. 32 (38) the court set out twelve guidelines to be considered in setting "reasonable" attorney's fees[1]. (1) The time and labor required; (2) the novelty and difficulty of the questions; (3)
the skill requisite to perform the legal service properly; (4)
the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7)
time limitations imposed by the client or the circumstances; (8)
the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
Having considered the conduct of all the parties from the beginning of the negotiations, their testimony and conduct during the trial before the jury, having not excluded or disregarded any of the twelve guidelines, the court finds that in exercising its discretion, the sum of fifteen thousand dollars ($15,000.00) is a reasonable award. The court believes that the equities between all the parties including the attorneys do not warrant a greater sum or reimbursement of expenses. The court found that the contingent fee arrangement in evidence was not a controlling factor, however it was considered in light of all the other guidelines and the actual trial itself.
Judgment may enter on the verdict with statutory costs plus an attorney fee in the amount of fifteen thousand hundred dollars ($15,000.00).
John J.P. Ryan, Judge CT Page 2582